## Trust Companies in Possession of Secretary of Banking

SAYLOR, Deputy Attorney General, September 9, 1931.—You have requested an opinion from this department with respect to your duties as secretary of banking in possession of institutions maintaining trust departments.

The Banking Act of June 15, 1923, P. L. 809, 827, provides, in section 40, entitled "Trust Funds," as follows:

"(a) Taking Possession by Secretary.—Whenever the secretary takes possession of the business and property of a corporation or person in accordance with the provisions of this act, he shall also take possession of all funds, property, and investments held by such corporation or person in any fiduciary capacity, but shall keep the same separate and apart from the assets thereof.

"(b) Substituted Fiduciaries.—Upon determining to liquidate the affairs of such corporation or person, the secretary shall forthwith give written notice to all parties interested in any such funds, property, or investments held in a fiduciary capacity, so far as such notice is practicable, requiring them within thirty days to apply to the proper court or official for the appointment of substituted fiduciaries to take the place of such corporation or person. On the failure or neglect of the parties so notified to make such application within the time designated, or in case the parties in interest can not be notified, the secretary shall himself apply for such appointment of substituted fiduciaries.

"(c) Settlement Without Accounting.—In any instance where there shall be no dispute as to the amount or identity of such funds, property, or investments, and all parties in interest are sui juris and so request in writing, the secretary may, without filing of an account, transfer, pay over, and deliver to such substituted fiduciary all funds, property, and investments of the particular trust, taking from parties and such substituted fiduciary a receipt and release in full, which shall discharge the secretary and such corporation or person from any further liability in the premises.

"(d) Jurisdiction of Disputes as to Identity of Trust Fund.—In any instance where there shall be a dispute as to the identity of alleged trust funds, property, or investments, either because the same have become or are alleged to have become mingled with other funds, property, or investments, or otherwise, the court having jurisdiction of the liquidation proceedings shall have exclusive jurisdiction to determine such dispute.

"(e) Accounting.—In all other instances, the secretary shall, with the least possible delay, prepare and file in the courts having jurisdiction thereof the accounts of such corporation or person in such fiduciary capacities, and shall transfer, pay over, and deliver the balances, determined upon such accounts to be due, in accordance with the orders and decrees of such courts.

"(f) Deficiencies and Surcharges.—In any instance where it shall be ascertained by such court that there is a deficiency in any such trust funds, property, or investments for which such corporation or person is liable, or that such corporation or person is liable to surcharge in respect thereof, the amount thereof shall constitute an unpreferred claim against the general funds in the hands of the secretary, and the order or decree of such court shall be conclusive, subject to appeal as to the amount of such claim. Should the existence or amount of any deficiency or surcharge or the liability of the corporation or person thereof be undetermined at the time of any distribution of such general funds, it shall be the duty of the court ordering such distribution to set apart and withhold from such distribution a sufficient amount to pay the proportionate dividend upon such undetermined claim until the same shall have been finally adjudicated."

When you take possession of a trust company, you assume control not only of its commercial department but also of its trust department, the assets and records of which you keep separate. In the case of the commercial department, it is your duty to collect accounts owing, pay off obligations and generally to put the house in order, as far as it is possible for you and your deputies to do so.

You then come to the point where it is necessary to determine whether or not you shall liquidate the institution or permit it to resume business, or otherwise to restore possession to its stockholders. Once you have determined to liquidate you must follow a particular form of procedure prescribed by the act. All of this may require a period of months, during which time the beneficiaries of trust estates to which you have succeeded as trustee will be expecting to receive income and in some cases, upon the termination of the trust, principal. There will also be cases where securities constituting the principal of the estate may mature and be paid off, which will result in your having in your possession cash funds which should be invested. There may also be cases where real estate forms a part of the trust, which will necessarily require attention both as to receipts and expenditures. Likewise there will be cases, no doubt, where a change in the character of the securities should, for good reason, be made. All of this presupposes an active handling of the estate.

While the law requires that a substituted trustee be appointed after you have determined to liquidate a bank in possession, it does not direct you actively to conduct trust estates pending your decision on the question whether the bank will be liquidated or reopened. Nor does it prohibit you from doing so.

We are firmly of the opinion that the legislature intended that you should actively conduct the business of estates as long as they are in your hands as successor to the trustee. The closing of the banking department of an institution does not in any way affect earmarked trust funds. They do not belong to general creditors and the stockholders do not have any interest in them. There would be no possible reason for interrupting the payment of income to beneficiaries or for postponing the distribution of principal in proper cases. However, as successor to the trustee, you have the responsibilities and are subject to the liabilities of a trustee and should seek and follow the guidance

of this department whenever there is any legal question, however trivial it may appear, in connection with the administration of a trust estate.

Of course, if in any case it is the desire of the beneficiaries to apply to the courts having jurisdiction for the substitution of a trustee, they have the right to do so, and if you desire to follow this course and file such petition, whether or not you have determined to liquidate the institution, you may do so. In any case, there should be no sudden cessation of all activity in the trust department as would work a hardship on the beneficiaries entitled to income and ultimately to the principal.

Under the provisions of subsection (f) of section 40 of the Act of 1923, heretofore cited, where a deficiency in the trust funds of the institution in your possession is liable to result from inactivity on your part, the benefieiaries would be entitled to present an unpreferred claim against the general funds of the institution in your hands, which would naturally result in a diminution of the dividend to which depositors and the general creditors would be entitled.

Therefore, you are advised that while in possession of a trust company, it is your right and duty to administer its trust department as successor to the trustee, with the power in any case to resort to the court having jurisdiction to secure the appointment of a successor prior to your decision to liquidate, and with the duty on your part to apply for such substitution once you have decided to liquidate if the cestuis que trustent fail to do so within thirty days after notice from you, or if you are unable to serve them with notice to do so.

From C. P. Addams, Harrisburg, Pa.